IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01085-BNB

SANFORD B. SCHUPPER,

    Applicant,

v.

ARISTEDES W. ZAVARAS, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 2 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Sanford B. Schupper, currently is released from parole on an appeal bond. Mr. Schupper filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 95CR3134. He has paid the $5.00 habeas corpus filing fee. Mr. Schupper indicates that he has an additional conviction in El Paso County District Court case number 96CR1193, for which he received an eight-year sentence to the Colorado Department of Corrections (DOC). He alleges that No. 96CR1193 presently is on appeal.

In an order filed on July 25, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 13, 2008,

Respondents filed their Pre-Answer Response. Applicant has not opted to file a Reply to the Pre-Answer Response.

The Court must construe liberally the amended habeas corpus application filed by Mr. Schupper because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application, and will dismiss the action for failure to exhaust state remedies.

## I. Factual and Procedural Background

Mr. Schupper was convicted in March 2002 by a jury in El Paso County District Court case number 95CR3134 on charges of theft of $15,000 or more, a class-three felony. On July 15, 2002, he was sentenced to six years of imprisonment in the DOC by Judge Larry Schwartz, a former El Paso County prosecutor who presided over the trial.

Mr. Schupper appealed from his conviction. He also moved for the disqualification of Judge Schwartz from four other criminal cases filed against him. *See Schupper v. People*, 157 P.3d 516, 518 (Colo. 2007). On January 3, 2003, Judge Schwartz disqualified himself on different grounds from those raised by Mr. Schupper, i.e., the recent addition to the prosecution team of his former supervisor and friend at the district attorney's office, and his belief that the level of animosity between the prosecution and Mr. Schupper's counsel in those cases had become "'something of a personal grudge match.'" *Id.*

Based upon Judge Schwartz's disqualification, Mr. Schupper filed a motion with the Colorado Court of Appeals requesting a limited remand to determine whether the disqualification should be applied retroactively to his conviction. *Id.* On limited remand, Senior Judge Donald Campbell presided over Mr. Schupper's case, and granted his motion for a new trial based upon a finding that Judge Schwartz's recusal applied retroactively.

Relying upon Judge Campbell's order vacating Schupper's conviction and ordering a new trial, the state appeals court dismissed without prejudice Mr. Schupper's appeal of his now-vacated theft conviction. *Id.* at 519. The prosecution appealed Judge Campbell's order vacating the conviction, and the state appeals court reversed. *People v. Schupper*, 124 P.3d 856 (Colo. Ct. App. 2005). The Colorado Supreme Court granted certiorari review, and agreed that Judge Campbell had erred. *Schupper v. People*, 157 P.3d at 519. The state supreme court noted that once the trial court had reinstated the conviction and sentence, "Schupper may proceed to file a direct appeal challenging his conviction on grounds other than those resolved by this opinion." *Id.*

In May 2007, a mandate issued by the state appeals court directed the trial court to reinstate Mr. Schupper's conviction and sentence. On June 21, 2007, the trial court reinstated Mr. Schupper's original conviction and sentence. Mr. Schupper was taken into DOC custody, but since has been paroled and released from parole on an appeal bond.

Mr. Schupper moved to reinstate his initial direct appeal but the state appeals court refused to do so since that appeal had been dismissed upon vacation of the conviction and because a mandate had been issued. However, on June 29, 2007, the state appeals court treated this motion as a new notice of appeal, and ordered that a record on appeal be filed within ninety days.

Apparently, the El Paso County court clerk had difficulty locating certain trial transcripts that had been prepared for the initial direct appeal. Consequently, counsel requested an extension of time for transmission of the record.

On March 26, 2008, the trial court record apparently was transmitted electronically via CD. However, appellate counsel requested supplementation of the record on appeal with additional items from Mr. Schupper's criminal case Nos. 95CR3134 and 96CR1193. The state appeal court granted the requested supplemental record from No. 95CR3134, but denied the request as to No. 96CR1193 absent clarification as to how that case is relevant. Respondents allege that as of August 13, 2008, the date of the Pre-Answer Response, no opening brief was filed. Respondents further allege that, according to the clerk of the state appeals court, the supplemental record is due on or before September 22, 2008, and Mr. Schupper's opening brief is due thirty days after the filing of the supplemental record.

On May 22, 2008, Mr. Schupper filed an initial habeas corpus application in this Court with a request for leave to amend. On July 23, 2008, Mr. Schupper filed an amended application asserting six claims challenging his trial proceedings. He alleges that (1) he was denied his Sixth Amendment right to counsel because he was

4

required to represent himself without adequate advisement about his rights; (2) his Fourth Amendment rights were violated when he was subjected to two illegal searches and seizures; (3) he was denied his right to due process because he was prevented from making an adequate record for appeal during his trial; (4) his due process rights were violated by the destruction and concealment of exculpatory evidence; (5) he was denied his rights to present and confront trial witnesses; and (6) the prosecution's appeal of Judge Campbell's vacation of Mr. Schupper's conviction was improper and denied Mr. Schupper due process.

II. One-Year Limitation Period in 28 U.S.C. § 2244(d)

Respondents argue that the one-year limitation period in 28 U.S.C. § 2244(d) has not yet begun to run. That statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In his amended application, Mr. Schupper expresses concern that the one-year limitation period will expire before his pending state court direct appeal can be decided. Amended application at 5. He misunderstands the limitation period. The "direct review" referred to in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. **See Locke v. Saffle**, 237 F.3d 1269, 1271-72 (10th Cir. 2001) (following a decision by the state court of last resort, a petitioner's conviction is not final and the one-year limitation period does not begin to run until "after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed").

Here, Mr. Schupper's direct appeal currently is pending before the Colorado Court of Appeals. It is not clear whether he also has pending a state postconviction proceeding. See amended application at exhibit 2, "Order Re: Motion for Reconsideration" dated March 5, 2008. In any case, the one-year limitation period has not begun to run because his conviction is not final.

6

Likewise, Mr. Schupper's concern that his amended application will become moot because he will have served his sentence, *see* amended application at 5, is unfounded. On August 1, 2008, the state courts granted Mr. Schupper an appeal bond from his parole. Respondents contend that he will not discharge his sentence prior to the expiration of his direct appeal. Mr. Schupper does not disagree with that assertion.

### III. Exhaustion of State Remedies

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See *O'Sullivan v. Boerckel*,** 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary*,** 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See *Castille v. Peoples*,** 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); **see also *Nichols v. Sullivan*,** 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal

constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Because Mr. Schupper's direct appeal presently is pending, he has not fairly presented his claims challenging his trial proceedings to the state courts in order to satisfy exhaustion of state remedies. Mr. Schupper complains that he has been unable to exhaust state remedies due to a delay in preparing his record on appeal. He asserts he has been denied his right to a direct appeal due to the "El Paso County District Court's inability to provide the Record on Appeal, over a period of 5 years."

A delay in adjudicating a state prisoner's direct criminal appeal may give rise to an independent due process claim, or may serve to excuse the exhaustion requirement. *Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994). To determine whether a defendant's due process right to a speedy appeal has been violated, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) applied the four-

part, speedy-trial, balancing test of ***Barker v. Wingo***, 407 U.S. 514, 530 (1972), and examined the length of the delay, the reason for the delay, whether the applicant asserted his or her right to a timely appeal, and whether the applicant experienced any prejudice as a result of excessive delay.

Only the passage of an inordinate amount of time triggers due process concerns. ***Harris***, 15 F.3d at 1560 (citing ***Hill v. Reynolds***, 942 F.2d 1494, 1497 (10th Cir. 1991)). If a habeas corpus applicant cannot establish at least some form of inordinate delay, the Court need not inquire into the other factors. ***Harris***, 15 F.3d at 1560. The Tenth Circuit has ruled that a delay of two years from the filing of a notice of appeal to "final adjudication" is presumptively inordinate. In the instant action, although Mr. Schupper contends that his direct appeal has been pending for five years, his new notice of appeal was filed on June 29, 2007, eight days after his previously vacated sentence was reinstated on June 21, 2007.

In Mr. Schupper's situation, a delay in the direct appeal resulted, at least in part, from his request for additional materials for the appellate record. A partial record on appeal appears to have been filed, ***see*** amended application at ex. D, but certain supplemental materials requested by defense counsel have not been transmitted. As previously stated, Respondents contend that the supplemental record is due on or before September 22, 2008, almost fifteen months after the notice of appeal was filed on June 29, 2007. Although Respondents acknowledge that any request by Mr. Schupper's attorney for an extension of time is not necessarily attributable to Mr. Schupper, ***see Harris***, 15 F.3d at 1562, the delay in

Mr. Schupper's state appeal stems from counsel's efforts to construct an adequate record on appeal, not from a systematic backlog as in **Harris**. Counsel's obligation to his or her client and to the sufficiency of appellate review require that all relevant transcripts are included in the record on appeal. **United States v. Delacruz-Soto**, 414 F.3d 1158, 1161 (10th Cir. 2005).

IV. Conclusion

The Court does not find that the delay is presumptively inordinate. Therefore, the Court need not inquire into the other factors if Mr. Schupper cannot establish some degree of inordinate delay. **See Harris**, 15 F.3d at 1560. Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __1__ day of ____Oct.____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01085-BNB

Sandford B. Schupper
Prisoner No. 114036
964 Burning Bush Point
Monument, CO 80132

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  10/2/08  

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk